**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

NIKOLAUS KNIGHT,

       PLAINTIFF,

v.                                                           CASE NO.:

BOISE CASCADE COMPANY,

       DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Nikolaus Knight, (hereinafter referred to as the "Plaintiff" or "Knight"), by and through the undersigned counsel, sues the Defendant, Boise Cascade Company. (hereinafter referred to as the "Defendant" or "Boise Cascade"), and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this action for discrimination and retaliation in violation of his federally protected rights under Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203.

## JURISDICTION AND VENUE

2.     The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2) and 42 U.S.C. §§ 12111-12117, 12203.

3.     Declaratory, injunctive, and equitable relief is sought pursuant to 28

U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.      Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5.      This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6.      Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On December 22, 2021, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202232656) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D-2022-00275). On June 20, 2022, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3).  Plaintiff thereafter requested her ninety (90) day Notice of Right to Sue letter from the EEOC which was not received until August 3, 2022.

## PARTIES

7.      Plaintiff a citizen of the State of Florida who resides in Santa Rosa County, Pace, Florida.

2

8.     Defendant, Boise Cascade Company, is a private for-profit business that is licensed to do and does business in the Santa Rosa County, Milton, Florida.

## FACTS

9.     Plaintiff is a 23 year old white male.

10.    Plaintiff began his employment with Defendant on May 10, 2021, as a Door Shop Assembler.

11.    During Plaintiff's employment with Defendant, he performed the duties and responsibilities of his position in a satisfactory manner.

12.    Plaintiff has epilepsy.

13.    Defendant had knowledge of Plaintiff's epilepsy since September 1, 2021, when Plaintiff experienced a seizure.

14.    Defendant allowed Plaintiff to return to work with a doctor's note.

15.    Throughout the month of September, Plaintiff continued to work in the same capacity and in the same conditions as normal without any issues or concerns.

16.    On October 1, 2021, Plaintiff experienced a second seizure.

17.    Defendant informed Plaintiff on October 14, 2021, that in order to return to work he would need to provide a return to work form that included accommodations.

18.    Upon request, Plaintiff's doctor provided the form and informed

Defendant that Plaintiff was not permitted to operate heavy equipment or climb a ladder (neither of which Plaintiff had done since the start of his employment).

19.    Defendant knowingly refused to accommodate Plaintiff when it knew that it had other positions (office or otherwise) available for which Plaintiff was qualified and could have been placed into.

20.    On October 15, 2021, Defendant terminated Plaintiff's employment stating that it was unable to accommodate his needs.

FIRST CAUSE OF ACTION
DISABILITY DISCRIMINATION
AMERICANS WITH DISABILITIES ACT, (ADA)

21.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 20 of this complaint with the same force and effect as if set forth herein.

22.    The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

23.    At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than 15 employees.

24.     As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

25.     Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

26.     Plaintiff suffers from epilepsy.

27.     Epilepsy is a central nervous system (neurological) disorder in which brain activity becomes abnormal, causing seizures or periods of unusual behavior, sensations and sometimes loss of awareness.

28.     Plaintiff's epilepsy affects his ability to conduct daily life activities such as caring for himself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, concentrating, thinking and communicating.

29.     Plaintiff's epilepsy significantly limits his ability to lead a normal life, and sustain a sense of well-being.

30.     Plaintiff's epilepsy is an impairment and disability within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

31.     Upon learning of Plaintiff's epilepsy and requested accommodations, Defendant was under an obligation to engage in a good faith interactive process with Plaintiff to determine the reasonableness of his requested accommodation.

32.     Defendant failed to engage in a good faith dialogue with Plaintiff in

an attempt to "identify the precise limitations" caused by Plaintiff's epilepsy nor did Defendant "explore potential accommodations" to overcome those limitations.

33.     Defendant's termination and disqualification of Plaintiff's employment on October 15, 2021, just weeks after his seizure, on the basis of his disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodations would enable him to be employed by Defendant, violated the ADA.

34.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

35.     Defendant knowingly refused to accommodate Plaintiff when it knew that it had other positions (office or otherwise) available for which Plaintiff was qualified and could have been placed into.

36.     The adverse personnel action, the termination of Plaintiff's employment, clearly violated her statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

37.     As a result of the Defendant's violations of the ADA, Plaintiff has

been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

## SECOND CAUSE OF ACTION
### DISABILITY RETALIATION
### AMERICANS WITH DISABILITIES ACT, (ADA)

38. Plaintiff repeats and re-alleges each allegation contained in paragraphs 6 through 20 of this complaint with the same force and effect as if set forth herein.

39. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

40. Defendant terminated and disqualified Plaintiff from his employment in retaliation for questioning and objecting to Defendant's failure to discuss his accommodation requests and for requesting an accommodation.

41. Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

42. When Plaintiff provided Defendant with sufficient information regarding epilepsy and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity under the ADA.

43.    Plaintiff questioned and objected to Defendant's failure to reasonably discuss his accommodation requests.

44.    Defendant's October 15, 2021, termination and disqualification of Plaintiff's employment was in retaliation for his seeking a good faith accommodation, him objecting to Defendant's discriminatory practices regarding his disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

45.    Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in the statutory protective activity of requesting a reasonable accommodation.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)    Declaring the acts and practices complained of herein are violation of the ADA;

b)    Enjoining and permanently restraining those violations of the ADA;

c)    Directing the Defendant to take such affirmative action as is

necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to the ADA;

e)    Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to the ADA;

f)    Awarding compensatory damages in the amount of the above-requested award, pursuant to the ADA;

g)    Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADA;

h)    Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

i)    Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: October 21, 2022.      By: */s/ Clayton M. Connors*
                              CLAYTON M. CONNORS
                              Florida Bar No.: 0095553
                              Email: cmc@westconlaw.com
                              **THE LAW OFFICES OF**
                              **CLAYTON M. CONNORS, PLLC**
                              4400 Bayou Blvd., Suite 32A
                              Pensacola, Florida 32503
                              Tel:  (850) 473-0401
                              Fax: (850) 473-1388
                              *Attorney for Plaintiff*